IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WARREN YOURN,	No. 3:15-cv-01516-HZ

           Plaintiff,	OPINION & ORDER

    v.

COMMISSIONER SOCIAL
SECURITY ADMINISTRATION,

           Defendant.

Merrill Schneider
Schneider Kerr Law Offices
P.O. Box 14490
Portland, OR 97293

    Attorney for Plaintiff

Billy J. Williams
United States Attorney
Janice E. Hebert
Assistant United States Attorney
U.S. Attorney's Office, District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

1 - OPINION & ORDER

Sarah L. Martin
Special Assistant United States Attorney
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

Plaintiff Warren Yourn brings this action for judicial review of the Commissioner's final decision denying his application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. This Court has jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c) (3)). The Court reverses the Commissioner's decision and remands for further proceedings.

## PROCEDURAL BACKGROUND

Plaintiff applied for DIB on October 21, 2011. Tr. 180.[1] Plaintiff alleged disability beginning February 1, 2010. Id. Plaintiff's application was denied initially on February 13, 2012 and upon reconsideration on May 17, 2012. Tr. 118, 125. On November 19, 2013, Plaintiff appeared, with counsel, for a hearing before an Administrative Law Judge (ALJ). Tr. 58. On December 27, 2013, the ALJ found Plaintiff not disabled. Tr. 46–53. The Appeals Council denied review on June 19, 2015. Tr. 1.

## FACTUAL BACKGROUND

Plaintiff alleges disability based on coronary artery disease and back problems. Tr. 222. Plaintiff was fifty years old at the time of the administrative hearing. Tr. 63. He completed the

---

[1] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record, filed herein as Docket No. 15.

eleventh grade and had no additional educational training after leaving school. Tr. 66–67. Plaintiff spent the majority of his adult years working as a garbage truck driver. Tr. 68–72.

## SEQUENTIAL DISABILITY ANALYSIS

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step procedure. See, e.g., Valentine v. Comm'r, 574 F.3d 685, 689 (9th Cir. 2009). The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. 137 at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot

perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets this burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since February 1, 2010. Tr. 48. At steps two and three, the ALJ determined that Plaintiff has the following severe impairments: coronary artery disease status post stent placement, degenerative disc disease, and obesity. However, the ALJ determined that Plaintiff's impairment or combination of impairments did not meet or medically equal the severity of any listed impairment. Id. At step four, the ALJ concluded that Plaintiff has the residual functional capacity to lift and carry 10 pounds frequently and 20 pounds occasionally. Tr. 49. He can stand and/or walk 6 hours in an 8 hour work day, he can sit for 6 hours in an 8 hour work day. Id. Plaintiff can occasionally climb ramps and stairs but should not engage in climbing ladders, ropes, and scaffolds. Id.[2] Plaintiff is limited to occasional balancing, stooping, kneeling, crouching, and crawling. Id. Plaintiff is limited to occasional exposure to "excessive vibration such as jackhammer." Id. Plaintiff should perform no work around hazards such as unprotected heights or dangerous machinery. Id. Plaintiff requires the ability to alternate between sitting and standing, such that he is able to sit for 45 minutes at a time, and then stand for 5 to 10 minutes, or

---

[2] The ALJ states that Plaintiff should not engage in climbing "ladders, ramps, and stairs." Tr. 87. However, as Plaintiff points out, this contradicts the ALJ's finding that Plaintiff can occasionally climb ramps and stairs. Plaintiff assumes, based on the hypothetical posed to the VE and the standard template format of decisions, the ALJ must have meant "no climbing of ladders, *ropes and scaffolds*." See Tr. 87. The Government's Response does not object to Plaintiff's interpretation. The Court agrees that this must be what the ALJ intended.

stand for 45 minutes at a time, and then sit for 5 to 10 minutes, but he would not need to leave the workstation. Id. At step four, the ALJ determined that Plaintiff is unable to perform any past relevant work. See 20 CFR § 404.1565. Tr. 51. At step five, the ALJ determined that, based on Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 52.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

The court must weigh the evidence that supports and detracts from the ALJ's conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. Id. (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)); see also Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. Id.; see also Batson, 359 F.3d at 1193. However, the court cannot not rely upon reasoning the ALJ did not assert in affirming the ALJ's findings. Bray, 554 F.3d at 1225-26 (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)).

# DISCUSSION

Plaintiff contends that the ALJ erred by: (1) not giving clear and convincing reasons for finding Plaintiff only partially credible; and (2) not giving germane reasons for rejecting a lay witness statement. The Court agrees.

## I.     Plaintiff's Credibility Evaluation

The ALJ found Plaintiff to be "partially credible." Tr. 51. The ALJ discounted Plaintiff's credibility because his testimony that he was unable to work due to back pain and heart problems was inconsistent with his activities of daily living. Plaintiff argues that the ALJ failed to give clear and convincing reasons for discounting his credibility, because the ALJ failed to identify any of his testimony that is actually inconsistent with his ability to perform the minimal daily activities that the ALJ identified.

The ALJ is responsible for determining credibility. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009). Once a claimant shows an underlying impairment and a causal relationship between the impairment and some level of symptoms, clear and convincing reasons are needed to reject a claimant's testimony if there is no evidence of malingering. Carmickle v. Comm'r, 533 F.3d 1155, 1160 (9th Cir. 2008) (absent affirmative evidence that the plaintiff is malingering, "where the record includes objective medical evidence establishing that the claimant suffers from an impairment that could reasonably produce the symptoms of which he complains, an adverse credibility finding must be based on 'clear and convincing reasons'"); see also Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012) (ALJ engages in two-step analysis to determine credibility: First, the ALJ determines whether there is "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged"; and second, if the claimant has presented such evidence, and there is no

evidence of malingering, the ALJ must then give "specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms.") (internal quotation marks omitted).

Daily activities may serve as a basis for discrediting a claimant where they are inconsistent with the claimant's alleged symptoms. Molina, 674 F.3d at 1112. As the Ninth Circuit has explained:

> While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting. Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.

Id. at 1112-13 (internal quotations and citations omitted). "[I]f, despite his claims of pain, a claimant is able to perform household chores and other activities that involve many of the same physical tasks as a particular type of job, it would not be farfetched for an ALJ to conclude that the claimant's pain does not prevent the claimant from working." Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989).

However, the claimant needs to "spend a substantial part of the day engaged" in such activities for the ALJ to have grounds for discounting the claimant's testimony. Id. Moreover, "the ALJ must make 'specific findings relating to the daily activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination." Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007) (quoting Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005)).

Here, the ALJ stated that Plaintiff "reported that he has no problem with his personal care, prepares meals daily, does housework such as dishes and ironing clothes, drives a car, shops for food in stores, watches television, spends time with his family, goes to medical

7 - OPINION & ORDER

appointments, and occasionally watches his 3 year old granddaughter." Tr. 51. The ALJ concluded that such activities of daily living supported the conclusion that Plaintiff was able to return to work at the RFC outlined by the ALJ. Id.

The ALJ fails to make any specific findings relating to the daily activities and their transferability to the ability to work. Nor does the ALJ find that Plaintiff spends a substantial amount of the day engaged in any of the listed activities. See Fair, 885 F.2d at 603 (recognizing that many home activities "are not easily transferable to what may be the more grueling environment of the workplace" and therefore requiring that a claimant spend "a substantial part of his day engaged in pursuits involving the performance of physical functions that *are* transferable to a work setting" in order to discredit an allegation of disabling pain).

The activities cited by the ALJ fall into two categories. First, several of the activities bear no relation to Plaintiff's ability to work—"he has no problem with his personal care . . . watches television, spends time with his family, . . . and occasionally watches his 3 year old granddaughter." Tr. 51. Second, a close reading of the hearing transcript and Plaintiff's Function Report reveals that Plaintiff's level of engagement in the remaining of the cited daily activities falls short of the necessary level to discount his credibility. For example, while the ALJ states that Plaintiff drives a car, Plaintiff testified that he has problems driving because he has pain when he sits for long periods. Tr. 65. As to housework, Plaintiff testified that he did "just a little bit," such as wiping off a desk and table. Tr. 75. Plaintiff testified that he cannot stand or walk for long periods and that he spends most of the day sitting or reclining, watching television. Tr. 76. As to his ability to "shop[] for food in stores," Tr. 51, Plaintiff indicated in his Function Report that he goes shopping once a week for only 5-30 minutes. Tr. 240. While Plaintiff said he prepared food or meals daily, he also said that this preparation took him a few minutes to an

8 - OPINION & ORDER

hour. Tr. 239. The level of activity described by Plaintiff is not a clear and convincing reason for rejecting his testimony. See Reddick, 157 F.3d at 722 ("Only if the level of activity were inconsistent with Claimant's claimed limitations would these activities have any bearing on Claimant's credibility.").

Defendant argues that there are several other reasons why the ALJ found Plaintiff partially credible—conflicts between Plaintiff's testimony and the objective medical evidence; a medical opinion regarding his limitations from his heart impairment; normal clinical findings on examination; improvement due to chiropractic treatment; Plaintiff's strenuous exercise routine; and Plaintiff's work as a temporary truck driver. Def.'s Br. 4-8, ECF 17.[3] This evidence in the record, however, does not provide a basis to uphold the ALJ's credibility finding, where the ALJ did not link any of these reasons to her determination in finding Plaintiff only partially credible.

The ALJ's opinion clearly reserves the issue of Plaintiff's credibility to the end of the discussion of the RFC. Tr. 51. In a stand-alone paragraph, the ALJ states that Plaintiff is partially credible because of his activities of daily living. To insert any other reasons in support of the ALJ's credibility finding would be to engage in *post-hoc* rationalization, which this Court may not do. Bray, 554 F.3d at 1225 ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.") (citation omitted).

## II.    Lay Witness Testimony

Lay testimony regarding a claimant's symptoms or how impairment affects the ability to work is competent evidence that an ALJ must take into account. Molina, 674 F.3d at 1114. "An

---

[3] The Court agrees with Defendant that such findings raise serious questions as to whether Plaintiff is, in fact, disabled. This impacts the Court's decision to remand the case for further proceedings as opposed to an award of benefits.

9 - OPINION & ORDER

ALJ need only give germane reasons for discrediting the testimony of lay witnesses." Bayliss, 427 F.3d at 1218.

Plaintiff asserts that the ALJ failed to provide a germane reason to reject the testimony of Plaintiff's daughter, Ms. Yourn. Ms. Yourn filled out a Third Party Function Report which largely mirrors Plaintiff's own report and which states that Plaintiff is unable to lift more than five pounds and gets tired very quickly if he is too active. Tr. 229. Ms. Yourn's report also states Plaintiff has difficulty with lifting, standing, sitting, kneeling, and "stair climbing." Tr. 234. Ms. Yourn indicated that Plaintiff has no problem with his own personal care and grooming; prepares complete meals daily; does housework such as dishes, dusting, and ironing clothes; drives a car; shops for groceries and household supplies; uses a computer; and talks on the phone. Id. at 229-36.

The ALJ, after "having reviewed and given full consideration to" Ms. Yourn's testimony, determined that Ms. Yourn's "statement regarding the claimant's abilities generally supports the [ALJ's] conclusion" regarding Plaintiff's residual functional capacity. Tr. 50-51.  The ALJ did, however, disregard Ms. Yourn's statement to the extent it suggested Plaintiff was unable to work and that Plaintiff "was limited to lifting less than 10 pounds." Tr. 51. The ALJ discounted part of Ms. Yourn's testimony because (1) the objective medical records did not support Ms. Yourn's opinion regarding Plaintiff's ability to lift weight or perform substantial gainful activity, and (2) Ms. Yourn's close relationship with Plaintiff "likely influenced her opinion." Id.

A.  Testimony unsupported by the objective medical records

In a recent unpublished opinion, the Ninth Circuit held that a lack of support in the medical record for a lay witness' testimony was a germane reason to discount the testimony.

Sportsman v. Colvin, 637 F. App'x 992, 996 (9th Cir. 2016) (appearing to equate testimony that is not supported by the medical record with testimony that is inconsistent with the medical evidence). This conclusion aligns with this Court's previous holdings that "inconsistency with or lack of corroboration by the medical record is a germane reason to discredit third-party statements."[4] Griffith v. Colvin, No. 3:13-CV-00585-HZ, 2014 WL 1303102, at *3 (D. Or. Mar. 30, 2014); see also Burns v. Comm'r Soc. Sec. Admin., No. 3:14-CV-00789-HZ, 2015 WL 4203923, at *8 (D. Or. July 10, 2015); Brown v. Colvin, No. 3:13–CV–01832–HZ, 2014 WL 6388540, at *7 (D. Or. Nov. 13, 2014). An ALJ's finding may be upheld as long as it is supported by substantial evidence, even though the ALJ "did not clearly link his determination to those reasons." Lewis, 236 F.3d at 512; Glover v. Astrue, 835 F. Supp. 2d 1003, 1014 (D. Or. 2011) (affirming ALJ's discounting of lay testimony because it was "inconsistent with . . . and not fully supported by the medical record" despite the ALJ's failure to specifically reference the conflicting evidence).

However, an ALJ may only reject lay witness testimony as unsupported by the objective medical evidence when the ALJ provides a sufficient discussion of that issue. Glover, 835 F. Supp. 2d at 1012-13 ("The sufficiency of the ALJ's rejection of lay witness testimony . . . will depend on the particular case and the thoroughness with which the ALJ conducts and discusses his or her evaluation of the evidence."). "[T]his discussion must occur within the parameters otherwise applicable to the evaluation of evidence generally and to the evaluation of lay witness testimony in particular." Id.

---

[4] The Court acknowledges that not all judges within this District agree that lack of objective medical evidentiary support can be properly cited as the sole reason for rejecting lay testimony. See, e.g., Rivera v. Colvin, No. 6:12-CV-02132-MO, 2013 WL 6002445, at *4 (D. Or. Nov. 12, 2013) ("[C]ourts should not conflate lack of objective medical support and affirmative inconsistency with the medical record. . . . [L]ack of objective medical support is not a proper reason for discounting lay witness reports of a claimant's pain and other subjective symptoms.").

11 - OPINION & ORDER

In Glover, this Court explained that it would be insufficient for an ALJ to merely refer to the lay testimony as "not consistent with the bulk of the medical evidence of record." Id. at 1013. Such reference would be "too vague to constitute even a germane reason for discounting the statements and comments" of a lay witness. Id. at 1013 (citing and quoting Edwards v. Astrue, No. C08-5730BHS, 2009 WL 2855730, at *11 (W.D. Wash. Aug. 31, 2009) (internal quotation marks omitted)). A few years after Glover was decided, this Court confronted the issue again and found that an ALJ's statement that lay testimony was credible to the extent it was based on personal observations but that "treatment records and other objective evidence 'do not support the alleged degree of limitation'" was similarly too conclusory and vague to be sufficient." Scott v. Colvin, No. 3:13-CV-00502-HZ, 2014 WL 1096200, at *7 (D. Or. Mar. 18, 2014).

In contrast, this Court has concluded that an ALJ's statement that "[t]he medical evidence does not support the allegation that nearly any mental or physical exertion caused the claimant's pain to reach ten of ten," constituted a germane reason for rejecting lay testimony because the ALJ's decision contained substantial evidence supporting this reasoning. Burns v. Comm'r Soc. Sec. Admin., No. 3:14-CV-00789-HZ, 2015 WL 4203923, at *8 (D. Or. July 10, 2015) ("Although the ALJ did not specifically refer to these findings in discounting Ms. Sutton's testimony, his reasoning is supported by substantial evidence which the ALJ thoroughly explained throughout his decision."). Similarly, an ALJ's decision to give little weight to lay witness testimony because "objective medical evidence does not support the degree of limitation described in [his] statements" was upheld because substantial evidence, including the opinions of seven medical professionals, supported the ALJ's conclusion. Brown v. Colvin, No. 3:13-CV-01832-HZ, 2014 WL 6388540, at *7 (D. Or. Nov. 13, 2014).

Here, Plaintiff argues that the ALJ's conclusion that "the objective medical records do not support such restrictions to where the claimant would be limited to lifting less than 10 pounds or support a complete inability to perform substantial gainful activity" is too vague and only relates to a portion of Ms. Yourn's opinion. The Court agrees. None of the medical records cited by the ALJ in her opinion mention anything about Plaintiff's ability to lift any particular amount of weight.[5] And the ALJ's conclusory statement that the objective medical records do not support a complete inability to perform substantial gainful activity is too vague of a reason to be sufficient to discount Ms. Yourn's testimony. See, e.g., Scott, 2014 WL 1096200, at *7.

B.  Ms. Yourn's "close relationship" with Plaintiff

As to the relationship between Ms. Yourn and Plaintiff, "the fact that testimony from a family member or loved one appears to be colored by affection . . . standing alone and without further explanation" is not a germane reason to reject the testimony. Noblit v. Colvin, No. 3:13-cv-00628-HU, 2014 WL 4059770, at *8 (D. Or. Aug. 15, 2014); Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 694 (9th Cir. 2009) (explaining that being an "interested party," in the abstract, is an insufficient reason to reject a spouse's testimony because "friends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to [his or] her condition") (quoting Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993)). See also Sylvester v. Astrue, No. 03:11–CV–699–HZ, 2012 WL 2899244, at *4 (D. Or. July 13, 2012) (holding the rejection of third party testimony based *solely* on a personal relationship improper, though the relationship could be considered in addition to other germane reasons). Therefore, given that the ALJ erred in rejecting Ms. Yourn's testimony as unsupported

---

[5] Defendant argues that "the record plainly shows that Yourn routinely lifted more weight than [five pounds] while exercising at the gym." Def.'s Br. 10, ECF 17. However, the "record" cited by Defendant consists of a medical chart note and a duplicate of the same note that indicate that Plaintiff lifts weights but contain no indication of the amount of weight, and a portion of Plaintiff's administrative hearing testimony, which does not comprise "objective medical evidence." See id. (citing Tr. 74, 319, 324).

13 - OPINION & ORDER

by the objective medical evidence, Ms. Yourn's personal relationship can not stand alone to serve as a germane reason to discount her testimony. Accordingly, the ALJ erred in rejecting a portion of Ms. Yourn's testimony.

### III.     Remand for further proceedings

In social security cases, remands may be for additional proceedings or for an award of benefits. E.g., Garrison v. Colvin, 759 F.3d 995, 1019 (9th Cir. 2014) (explaining that if "additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded [,]" but "in appropriate circumstances courts are free to reverse and remand a determination by the Commissioner with instructions to calculate and award benefits") (internal quotation marks omitted); Banks v. Colvin, No. 3:14-CV-01306-HZ, 2015 WL 4628031, at *6 (D. Or. Aug. 3, 2015) (explaining that remanding for additional proceedings is the ordinary and "proper course," except in rare circumstances) (quoting Treichler v. Comm'r, 775 F.3d 1090, 1101 (9th Cir. 2014)).

To determine which type of remand is appropriate, the Ninth Circuit uses a three-part test. Id. at 1020; see also Treichler, 775 F.3d at 1100 (2014) ("credit-as-true" rule has three steps). First, the ALJ must fail to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. Garrison, 759 F.3d at 1020. Second, the record must be fully developed and further administrative proceedings would serve no useful purpose. Id. Third, if the case is remanded and the improperly discredited evidence is credited as true, the ALJ would be required to find the claimant disabled. Id. To remand for an award of benefits, each part must be satisfied. Id.; see also Treichler, 775 F.3d at 1101 (when all three elements are met, "a case raises the 'rare circumstances' that allow us to exercise our discretion to depart from the ordinary remand rule" of remanding to the agency).

The first part of the test is met here because, as explained above, the ALJ committed several legal errors in his analysis of Plaintiff's application for benefits. The next question is whether additional administrative proceedings would be helpful. In evaluating this issue, a court considers "whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules." Treichler, 775 F.3d at 1103–04.

Here, additional administrative proceedings are necessary. For the reasons discussed above, Plaintiff's entitlement to benefits is far from clear. Even Plaintiff concedes, "[r]emand is warranted to further develop what portions of Plaintiff's testimony should be credited, and thus what additional limitations should be included in the RFC." Pl.'s Br. 7, ECF 16.

## CONCLUSION

The Commissioner's decision is reversed and remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated this __29__ day of __July__, 2016

_____
MARCO A. HERNÁNDEZ
United States District Judge

15 - OPINION & ORDER